## Green v. Thompson.

---

### GREEN *vs.* THOMPSON.

If in an action of trespass *quare clausum fregit,* before a justice of the peace, the defendant justifies under the plea of title in himself, and thereupon removes the cause, by recognizance, into the Court of Common Pleas, where he suffers judgment by default, before issue joined;—this judgment does not estop him from contesting the title of the same plaintiff, in a writ of entry subsequently brought for the same land.

This was a writ of entry for fifty acres of land, tried before *Preble J.* upon the general issue.

It appeared that both parties claimed under deeds from the same grantor, the deed to the tenant being the elder, by about fifteen months. It also appeared that in an action of *quare clausum fregit,* afterwards brought before a justice of the peace by the demandant against the tenant, for a trespass on the same land, the defendant justified under the plea of soil and freehold in himself, and thereupon brought the cause into the Court of Common Pleas, pursuant to the statute, by way of recognizance; and that he afterwards, and before issue joined, consented to a judgment against himself, by default, for one dollar damages. It was further proved that after the date of the deed to the demandant, the tenant had accepted from him a lease of a part of the same premises, for the term of one year, which had expired.

Upon each of the grounds, the demandant contended that the tenant was estopped to deny his title ; but the Judge overruled the objection, as to the conclusiveness of the evidence, leaving it to the jury merely as strong evidence against the tenant, to be considered

Green *v.* Thompson.

with the other testimony. To this the demandant excepted, the verdict being against him.

*J. Shepley* and *D. Goodenow,* for the demandant. The title having been specially pleaded by the tenant, in a former action, and judgment against him by his own consent, he ought not to be suffered again to draw it into controversy. If a verdict be found on any fact or title distinctly put in issue in an action of trespass, such verdict may be pleaded by way of estoppel in another action between the same parties, or their privies, in respect to the same fact or title. *Outram v. Morewood* 3. *East* 346. And the matter may be shown under the general issue, if there has been no opportunity to plead it. *Howard v. Mitchell* 14. *Mass.* 243. It is not in respect of the judgment itself, for this only bars a further recovery of damages for the same cause; but the rule proceeds on the higher principle of public policy, that what has been once tried, and passed upon, shall not be again litigated by the same parties, that there may be an end to controversies. 3. *East* 354, 355, 357. The issue is as high, in a writ of trespass, if taken in the realty, as in an assize; and hence it is said that if the defendant justify his entry by reason of inheritance, and it be found against him, this shall be peremptory. 3. *East* 362.

*J. Holmes* and *Appleton,* for the tenant, were stopped by the Court; whose opinion was delivered by

WESTON J. If the matter relied upon by way of estoppel, being pleaded, must have been deemed conclusive; there having been no opportunity to plead it, it will have the same effect in evidence. The judgment, as between these parties, establishes the fact that, at the time of the alleged trespass, the demandant had the lawful possession of the close, where the same was committed. It does not appear at what time this was done. It might have been at any time within six years, prior to the commencement of that action. The tenant's title accrued only fifteen months before; and could have protected him but for that period. Prior to that time, he might have been a trespasser upon the premises, and have been so adjudged;

Green *v.* Thompson.

but this could have no tendency to affect an after acquired title. So if the demandant had been the tenant's lessee, he might have maintained trespass against him ; but a judgment thus obtained would not have defeated the general title of the lessor.

With regard to the plea of soil and freehold in the former action, no issue was joined or trial had upon it. After filing this plea, the defendant was defaulted. The declaration against him is thereupon to be taken as true ; and the effect is the same, whether the default be made before or after the plea.

The facts, therefore, established by the judgment, are not necessarily inconsistent with title in the tenant ; and do not estop him from controverting the title of the demandant in this action.

If the fee of the land was in the tenant, his taking a lease of it for one year of the demandant, did not extinguish his title, or pass it to the demandant, by way of estoppel or otherwise. The tenant would be holden to fulfil all the covenants, by him entered into as lessee ; and he would be estopped from averring, by way of defence, that the lessor had nothing in the premises ; nor would he be permitted to disclaim his tenure, or deny the title of the lessor, during the continuance of the lease. Having performed his duties as lessee, there is no legal impediment, after the expiration of the term, to his maintaining a paramount title to the premises, against him to whom he once stood in the relation of lessee. *Co.* says, " if a man take a lease for years of his own land by deed indented, the estoppel doth not continue after the term ended. For by the making of the lease the estoppel doth grow, and consequently by the end of the lease, the estoppel determines." *Coke Lit.* 47 *b.*

The exceptions are overruled, and there must be

*Judgment on the verdict.*